UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONAS K. STEVENSON AND ELIZABETH E. STEVENSON, | § § § |
| Plaintiffs, | § § |
| v. | §   CIVIL ACTION NO. 11-cv-3308 |
| | § |
| ALLSTATE TEXAS LLOYD'S, PILOT CATASTROPHE SERVICES, INC., TROY THERIOT, TONY ROWELL, SR. BRETT HOLCOMB, AND PHYLLIS BIBBY, | § § § § § § |
| Defendants. | § |

### MEMORANDUM AND ORDER

Pending before the Court is a Motion to Remand (Doc. No. 19) filed by Plaintiffs Jonas and Elizabeth Stevenson (the Plaintiffs). After considering the motion, all responses thereto, and the applicable law, the Court finds that Plaintiffs' Motion to Remand must be GRANTED.

### I.     BACKGROUND[1]

This is an insurance dispute arising out of damages sustained by Plaintiffs as a result of Hurricane Ike. Plaintiffs are owners of a Texas Homeowners' Insurance Policy (the "Policy"), issued to them by Defendant Allstate Texas Lloyd's ("Allstate"). (Pl. Pet. ¶¶ 17-18, Doc. No. 1-2.) The insured property is Plaintiff's home in Missouri City, Texas. (*Id.* ¶ 18.) In September 2008, Hurricane Ike struck the area. Plaintiffs' roof sustained serious damage during the storm,

---

[1] For the purposes of this Memorandum and Order, the Court accepts the factual allegations in Plaintiffs' Original Petition as true. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. Tex. 1995).

and water pouring through the roof caused further damage throughout Plaintiffs' home and garage. (*Id.* ¶ 20.) Among the damaged areas were ceilings, walls, insulation, flooring, and carpeting. (*Id.*) Plaintiffs' home also sustained structural and exterior damage, as well as damage to their shed, doghouse, and fence. (*Id.*) Finally, the storm damaged Plaintiffs' personal belongings, including two televisions and a computer. (*Id.*)

Immediately after the storm, Plaintiffs filed a claim with Allstate for the damages caused by Hurricane Ike. (*Id.*) Plaintiffs asked Allstate to cover the cost of repairs to the Property, including replacement of the roof, fence, shed, and doghouse, and repair of interior water damage to the Property. (*Id.*) Defendant Allstate assigned Defendant Pilot Catastrophe Services, Inc. to oversee the claims adjustment process. (*Id.* ¶ 23.) At some point thereafter, Defendants Troy Theriot; Tony Rowell, Sr.; Brett Holcomb; and Phyllis Bibby were assigned as the individual adjusters on Plaintiffs' claim. (*Id.*) According to Plaintiffs, the adjusters assigned to assess Plaintiffs' claims were improperly trained and failed to perform thorough inspections of the damages. (*Id.* ¶ 24.) Plaintiffs also assert that the damages that Theriot, Rowell, and Holcomb included in their reports were "grossly undervalued." (*Id.*) Plaintiffs contend that, as a result of the adjusters' unreasonable investigation, Plaintiffs were underpaid on their claim and have not yet been able to fully repair their home. (*Id.*)

Plaintiffs filed this action in state court alleging violations of the Texas Insurance Code (the "Insurance Code"), fraud, conspiracy to commit fraud, fraud by nondisclosure, breach of contract, and breach of the duty of good faith and fair dealing.[2] Defendants removed the case to this Court on the basis of diversity jurisdiction (Doc. No. 1 ¶ 2.1), despite the fact that one of the Defendants, Brett Holcomb, is a Texas resident. Three motions to dismiss are currently pending in this case: (1) a motion for partial dismissal filed by Defendants Allstate, Bibby, and Theriot

---

[2] A number of Plaintiffs' claims are brought against only a subset of Defendants.

2

(Doc. No. 5); (2) a motion to dismiss filed by Defendant Rowell (Doc. No. 9); and (3) a motion to dismiss filed by Defendant Holcomb (Doc. No. 18). Also pending is Plaintiff's motion to remand (Doc. No. 12).

## II.  LEGAL STANDARD

The federal removal statute provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether it states a claim under state law against the

3

non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.*

No party in this case has asked for an inquiry beyond the pleadings; instead, Defendants focus on whether Plaintiffs' Original Petition provides a reasonable basis to predict that they may recover against Brett Holcomb under Texas law. Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id.* When determining whether a party has been improperly joined, all factual allegations must be evaluated "in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. Tex. 1995).

In sum, to defeat Plaintiffs' Motion to Remand, Defendants must show that this case was improperly removed to this Court under 28 U.S.C. § 1441. In order to do so, Defendants must demonstrate that there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Brett Holcomb on the claims and theories asserted in their Original Petition.

### III. ANALYSIS

The parties in this case do not dispute that the jurisdictional minimum has been met, or that Plaintiffs and Defendant Brett Holcomb are all citizens of Texas. Rather, Defendants argue that Brett Holcomb was improperly joined in this case because Plaintiffs' pleadings fail to sufficiently allege a specific factual basis for recovery against Brett Holcomb. Specifically, Defendants contend that Plaintiffs' Insurance Code claims contains only conclusory recitations of the law without referencing any actionable facts to which the law should apply. Defendants also assert that Plaintiffs' fraud and misrepresentation claims fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).

Defendants' focus on Plaintiffs' purported failure to meet federal pleadings standards is inapposite. As this Court has held before, it is Texas' "fair notice" pleading standard, and not the federal pleading requirements, that plaintiffs must meet in defeating a fraudulent joinder allegation. *See Centaurus Woodglen Village LLC v. Lexington Ins. Co.*, 2011 WL 923617, at *4 (S.D. Tex. Mar. 10, 2011) (citing *KIW, Inc. v. Zurich American Ins. Co.*, 2005 WL 3434977, at *3 (S.D. Tex. Dec. 14, 2005)); *Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex. Civ. App.— Austin 1977, no writ) ("Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition."); *see also Edwea, Inc. v. Allstate Ins. Co.*, 2010 WL 5099607, at * 5-6 (S.D. Tex. Dec. 8, 2010) (applying the Texas pleading standard, and noting that a majority of courts have held that, where a state pleading standard is more lenient than the federal standard, federal courts should look to the state standard to determine whether a state court petition provides a reasonable basis for predicting that a plaintiff can recover against an in-state defendant). Applying Texas' notice pleading standard, the Court proceeds to consider Defendants' contentions that Plaintiffs' Insurance Code, fraud, and misrepresentation claims are insufficiently pled.

Defendants assert that Plaintiffs' claims are conclusory, and "merely a recitation of the statutory language from Chapter 541 of the Insurance Code and contain no reference to any material *actionable* facts to which the law should apply." (Doc. No. 27 at 5.) The Court cannot agree with this characterization. Plaintiffs' Original Petition alleges that Defendant Holcomb, along with other adjusters, "failed to perform thorough inspections of hurricane damages;" "conducted substandard inspections of Plaintiffs' property;" "undervalued damages, failed to allow for adequate funds to cover the cost of repairs, and set out to deny properly covered

5

damages." (Pl. Petition ¶ 24.) Plaintiffs allege that these actions resulted in underpayment to Plaintiffs, as well as a delay in Plaintiffs' ability to fully repair their home.

Plaintiffs also make a number of other allegations that trace the language of Chapter 541 of the Insurance Code; for example, they allege that Defendant Holcomb and other Defendants engaged in the "unfair settlement practice . . . of misrepresenting to Plaintiffs material facts related to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance." (Pl. Pet. ¶ 46.) This claim adopts the statutory language of Section 541.060(a)(1) of the Insurance Code. Plaintiffs also allege that "[t]he unfair settlement practice of Defendants Theriot, Rowell, Holcomb, and Bibby…of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance." (*Id.* ¶ 48.)  This allegation traces the statutory language of Section 541.0609(a)(2) of the Insurance Code.

Thus, Plaintiffs' Petition combines specific factual allegations against Holcomb and the individual adjusters regarding improper inspections and undervalued damages with more general allegations against all Defendants which utilize statutory language from the Insurance Code. As Judge Rosenthal notes in *Edwea*, 2010 WL 5099607 at *9, courts in the Southern District of Texas have found that combinations of specific factual allegations against an individual insurance adjuster and conclusory legal allegations against all defendants provide a reasonable basis for predicting recovery against the individual defendant under the Insurance Code.[3] The

---

[3] In *Edwea*, 2010 WL 5099607 at *9, the court cites the following cases in which such a combination was sufficient to provide a reasonable basis for predicting recovery under Texas law: *Davis v. Travelers Lloyds of Tex. Ins. Co.*, 2009 WL 3255093, at *7 (S.D. Tex. Sept. 29, 2009); *Harris v. Allstate Tex. Lloyd's*, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010); *Leisure Life Senior Apartment Hous. II, Ltd. v. Lloyds of London*, 2009 WL 3834407, at *2

court in *Edwea* further notes that when courts in this district have found improper joinder and denied remand, "it has usually been when the defendants have provided evidence 'strongly showing that recovery against the in-state adjuster would be unlikely.'" *Id.* at *10 (quoting *Harris v. Allstate Tex. Lloyd's*, 2010 WL 1790744, at *5 (S.D. Tex. Apr. 30, 2010)).[4] No such evidence of unlikely recovery is evident here. Instead, the Court finds that there is a reasonable basis to predict that Plaintiffs might be able to recover against Brett Holcomb based on the claims and theories asserted in their Original Petition.

## IV. CONCLUSION

Because Defendants have failed to establish that Brett Holcomb, a non-diverse Defendant, was improperly joined in this case, the Court lacks diversity jurisdiction. Plaintiffs' Motion to Remand (Doc. No. 12) is **GRANTED**. This action is hereby **REMANDED** to the 240th District Court of Fort Bend County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of February, 2012.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

(S.D. Tex. Nov. 12, 2009); and *Rodriguez v. Standard Guar. Ins. Co.*, 2010 WL 4877774, at *2 (S.D. Tex. Nov. 23, 2010).

[4] *See Jimenez v. Travelers Indem. Co.*, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (denying remand when the in-state adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mut. Cas. Co.*, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (denying remand when the defendant presented deposition testimony by the plaintiff that the in-state defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion").